UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL STICKLER, an individual; and THE VISION GROUP, LTD., a Nevada corporation;<br><br>Plaintiffs,<br><br>v.<br><br>ANSWERCONNECT TELESERVICES, INC., an Oregon corporation, and RECOVERY SOLUTIONS GROUP, LLC, a Delaware corporation,<br><br>Defendants. | 3:15-CV-00271-LRH-VPC<br><br>ORDER |

Before the Court is Defendants AnswerConnect Teleservices, Inc. ("AnswerConnect") and Recovery Solutions Group, LLC's ("RSG") Motion to Dismiss Plaintiffs Michael Stickler ("Stickler") and the Vision Group, Ltd.'s ("Vision Group") Complaint. Doc. #10.[1] Plaintiffs filed an Opposition (Doc. #20), to which Defendants Replied (Doc. #22).

**I. Factual Background**

Plaintiff Stickler was the Managing Partner of Vision Group, a Nevada corporation. Doc. #1-2 at 18. Stickler brings this action pro se on behalf of himself and Vision Group. *Id.* at 16. Plaintiffs allege that they suffered damages when Defendant AnswerConnect, an Oregon corporation, breached an agreement to "port" Vision Group's phone number and provide voice answering services. *Id.* at 6 ¶¶6-8. Plaintiffs also contend that Defendants AnswerConnect and

---

[1] Refers to the Court's docket number.

RSG, a Delaware corporation, engaged in improper debt collection practices against Plaintiffs that resulted in financial loss and emotional harm. *Id.* at 7-8 ¶¶12, 13-14 ¶43, 14-15 ¶¶49-54.

Subsequently, Plaintiffs filed a complaint against AnswerConnect and RSG, alleging seven causes of action: (1) breach of contract, (2) Federal Debt Collection Practices Act violations, (3) unfair business practices, (4) fraud, (5) breach of the implied covenant of good faith and fair dealing, (6) intentional infliction of emotional distress, and (7) damages. Doc. #1-2. Thereafter, Defendants filed the present Motion to Dismiss or, in the alternative, Motion for Change of Venue. Doc. #10.

**II. Legal Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

Pursuant to Federal Rule of Civil Procedure 9(b), parties must allege with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a

pleading must identify "the who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and citations omitted). If fraud or fraud-based claims are alleged, the entire complaint must fulfill the heightened pleading requirements of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The Court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III. Discussion**

**A.  Representation of Vision Group**

Plaintiff Stickler brings this suit pro se on behalf of himself and Vision Group, a Nevada corporation. However, a corporation may only appear in federal court through licensed counsel. *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-02 (1993); *see also* 28 U.S.C. § 1654. "It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney.'" *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (brackets in original) (quoting *Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Plaintiffs stipulate that counsel must represent corporations but argue that because Vision Group is "closely held" by Stickler as its Managing Partner, Plaintiffs should be allowed to continue pro se in joint capacity. Doc. #20 at 9. However, even a pro se litigant who is the president and sole shareholder of a corporation may not represent that corporation in federal court. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Vision Group may not "assign its claims to an individual in an expedient effort to thwart the public policy of not allowing [the corporation] to appear pro se." *Jaguar Assocs. Grp. v. U.S. Postal Serv.*, No. C07-5022 PVT, 2008 WL 686820, at *2 (N.D. Cal. Mar. 11, 2008) (internal quotation marks omitted) (citing *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16 (S.D.N.Y.1974)). Furthermore, "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Here, Stickler may not assign claims to himself when Vision Group is the party in interest. Thus, to the extent that Vision Group is the real party in interest, the action is dismissed on the ground that a corporation may not be represented by a non-attorney. Because Stickler may also be a real party in interest and because he may properly represent himself pro se, the Court will examine the Complaint to determine if Stickler individually states claims on which relief may be granted. *See Maydak v. Bonded Credit Co.*, 892 F. Supp. 1304, 1308 (D. Or. 1995), *aff'd sub nom. Maydak v. Bonded Credit Co. Inc.*, 96 F.3d 1332 (9th Cir. 1996).

### B. Motion to Dismiss

#### 1. Breach of Contract

Plaintiffs claim that AnswerConnect breached a contract by failing to transfer, or "port," Plaintiffs' toll free number and by failing to provide answering services and direct sales on Plaintiffs' behalf. Under both Nevada and Oregon law, a breach of contract claim requires "the existence of a contract, 'its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff.'" *Slover v. Or. State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101 (Or. Ct. App. 1996) (internal citation omitted); *see also Saini v. Int'l Game Tech.,* 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006).[2] Plaintiffs here fail to sufficiently allege the elements of a breach of contract claim. The Complaint and the attached emails do not identify valid contract provisions that require AnswerConnect to provide the phone number porting process or answering services. Furthermore, it is not clear from the complaint that Stickler is a party to the alleged contract as an individual, and thus Stickler fails to state a claim

---

[2] Defendants contend that Oregon, not Nevada, law should apply to this claim. Defendants argue that Plaintiffs are party to a Service Agreement that includes an Oregon choice of law provision. Doc. #10-1 at 8, 46. However, the Court finds that determining the applicable law is not necessary at this time.

4

for breach of contract. Accordingly, Stickler's breach of contract claim is dismissed without prejudice.

### 2. FDCPA Violations

Plaintiffs argue that AnswerConnect and RSG violated the Fair Debt Collection Practices Act § 1692a by collecting a debt that was not due and by using false and deceptive means to collect a debt. As a preliminary matter, the Complaint merely restates the text of the statute and does not provide sufficient factual support to satisfy the Rule 8(a)(2) pleading standard. Furthermore, the FDCPA only protects "consumer debt" that is generated from a transaction pursued "primarily for personal, family, or household purposes." 15 U.S.C. 1692a(5); *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992). As currently alleged, Plaintiffs' claim arises out of debt accrued from the provision of phone services for his business, Vision Group. Doc. #1-2 at 6 ¶6; *id.* at 19 (email stating that AnswerConnect was handling Stickler's "business calls"). A debt arising out of commercial transactions is not "consumer debt" and thus is not protected by 15 U.S.C. § 1692. *See Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001). Plaintiffs thus cannot state a claim under 15 U.S.C. § 1692. Therefore, the Court dismisses the FDCPA violations claim.

### 3. Fraud

Plaintiffs allege that Defendants engaged in fraudulent debt collection practices. In order to establish fraud, Plaintiffs must prove: (1) a misrepresentation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted upon by a person and in a manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury. *Kaufman Inv. Corp. v. Johnson*, 623 F.2d 598, 601 (9th Cir. 1980) (applying Oregon law, however, basic elements of fraud are the same across jurisdictions). Furthermore, Plaintiffs must allege with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a pleading must identify "the who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Ebeid*, 616 F.3d at 998 (internal quotation marks

omitted). "Mere conclusory allegations of fraud are insufficient." *Moore*, 885 F.2d at 540. Here, Plaintiffs' allegations fail to sufficiently allege the elements of fraud and are conclusory in nature. Furthermore, Plaintiffs' allegations do not meet the specificity requirements of Rule 9(b) because they do not specify any misleading actions on Defendants' part and why these alleged actions were misleading or false. The Complaint is also insufficient because it does not make clear "to whom" the misrepresentations were made or that the misrepresentations were made to Plaintiff Stickler himself. For these reasons, Plaintiffs' fraud claim is dismissed without prejudice.

The Court also notes that if Plaintiffs allege fraud or fraud-based claims in any amended complaint, the pleadings as a whole must comply with Rule 9(b)'s heightened pleading standard. *See Kearns*, 567 F.3d at 1125.

### 4. Unfair Business Practices

The Complaint asserts that Defendants' debt collection practices violated provisions of Nevada Revised Statute § 649. Chapter 649 authorizes administrative investigation of collection agency practices and criminal penalties for breaches of those regulations. *See* Nev. Rev. Stat. § 649.051, *et seq.*; *Smith v. Cmty. Lending, Inc.*, 773 F. Supp. 2d 941, 945 (D. Nev. 2011). However, Chapter 649 does not provide a civil private right of action. *See, e.g.*, *Smith*, 773 F. Supp. 2d at 945. The unfair business practices claim thus cannot be maintained and is dismissed.

### 5. Breach of the Covenant of Good Faith and Fair Dealing

To survive a Motion to Dismiss, a claim for breach of implied covenant of good faith and fair dealing must (1) identify the contract that is the basis for the claim, (2) identify the conduct that allegedly constituted the breach of the covenant, (3) indicate that this conduct was deliberate, and (4) show how the alleged breach caused damage. *See Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994). Oregon law similarly requires evidence of a breach of contract to sustain a claim for breach of the covenant of good faith and fair dealing. *See Davis v. Pac. Saw & Knife Co.*, No. CIV. 08-676-HU, 2008 WL 4319981, at *2 (D. Or. Sept. 16, 2008). Here, Stickler's breach of contract claim has been dismissed and no valid contract has been identified

as the basis for the claim. Accordingly, the Court finds that the breach of the covenant of good faith and fair dealing claim cannot be maintained and is dismissed without prejudice.

### 6. Intentional Infliction of Emotional Distress

The Court finds that Stickler has not sufficiently alleged the elements of a claim for intentional infliction of emotional distress. Under Nevada law, to prove intentional infliction of emotional distress, Plaintiff must demonstrate (1) extreme and outrageous conduct on behalf of the defendant with the intention of or reckless disregard for causing emotional distress, (2) the Plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation. *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (internal quotation marks and citation omitted). Here, Plaintiffs fail to identify either the alleged extreme and outrageous conduct or that it was intentional or reckless. Additionally, the Court finds that causation is insufficiently alleged. Therefore, Stickler's intentional infliction of emotional distress claim is dismissed without prejudice.

### 7. Claim for "Damages"

Plaintiffs improperly assert a separate claim for damages. Damages should be pled with the claim from which they arise. *See* Fed. R. Civ. P. 8(a)(3). The Court thus finds that Plaintiffs do not state a claim for which relief can be granted and dismisses the damages claim.

### 8. Leave to Amend

The Court finds that Plaintiffs have not stated a claim upon which relief can be granted and thus dismisses Plaintiffs' complaint in its entirety. Plaintiffs have requested leave to amend and to employ an attorney but have not fulfilled the Local Rule 15-1 requirement of filing an amended complaint with the request for leave to amend. However, a pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The Ninth Circuit directs district courts to provide a pro se litigant an opportunity to amend the complaint if its deficiencies can be cured. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). For this reason, the Court grants Plaintiffs thirty (30) days to amend their complaint.

///

### C. Motion for Change of Venue

Defendants filed an alternative Motion for Change of Venue to the District of Oregon. Because the Court has dismissed all of Plaintiffs' claims without prejudice, it is not necessary to resolve the Motion for Change of Venue at this time. Defendants may resubmit their Motion for Change of Venue should Plaintiffs file an amended complaint.

### IV. Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. #10) is GRANTED without prejudice. Plaintiffs shall have thirty (30) days in which to file a First Amended Complaint if they elect to do so.

IT IS SO ORDERED.

DATED this 25th day of June 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE